IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-01988-SKC-STV

BERRETTA SPENCE,

     Plaintiff,

v.

THREE BIRDS ALLIANCE,
ERNA YOUNG, and
MICHELLE MCKAY,

     Defendants.

---

**ORDER**

---

The Court presumes familiarity with the facts of this case as alleged in the Complaint (Dkt. 1) and incorporates by reference Chief Magistrate Judge Scott T. Varholak's recitation of the facts (Dkt. 78, pp.2-3). In brief, Plaintiff Berretta Spence asserts seven discrimination and tort-based claims arising from her employment with Defendant Three Bird Alliance and her subsequent termination. Dkt. 1, pp.6-7. On November 26, 2025, Defendants filed an Amended Motion to Dismiss seeking dismissal of all claims under Fed. R. Civ. P. 12(b)(6). Dkt. 55. In December, Plaintiff filed a Motion for Leave to Substitute Revised Second Amended Complaint (Motion to Amend). Dkt. 70.

1

The Court referred both Motions to Chief Magistrate Judge Varholak. On January 21, 2026, Judge Varholak issued his Recommendation that Plaintiff's request to amend be denied and that Defendants' Motion to Dismiss be granted in part and denied in part. Dkt. 78. Specifically, Judge Varholak observed that Defendants had not substantively addressed Plaintiff's claim under the Family and Medical Leave Act (FMLA) or her claim for intentional infliction of emotional distress (IIED), and therefore, he recommended that Plaintiff be allowed to proceed on those theories. *Id*. pp.14-16. *Id*. Plaintiff filed her objections on January 27, 2026 (Dkt. 79), and Defendants filed their objections on February 4, 2026 (Dkt. 80).

Having reviewed the Complaint, proposed Amended Complaint, Amended Motion to Dismiss, Recommendation, Objections, and relevant briefing on these matters, the Court agrees with Judge Varholak's thorough and well-reasoned determinations. The Court AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

1. **Review of a Magistrate Judge's Recommendation**

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are

2

truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must do a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). A party's objections must be both timely and specific to preserve an issue for *de novo* review. *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And issues raised for the first time in objections are deemed waived. *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a

[magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

**2.      Treatment of a Pro Se Plaintiff's Pleadings**

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

**ANALYSIS**

**A.    Plaintiff's Objections (Dkt. 79)**

The Court first notes that Plaintiff has not made any arguments regarding Judge Varholak's recommendation that this Court deny her Motion to Amend. Thus, she has waived *de novo* review of Judge Varholak's recommendation that this Court deny that motion. *One Parcel*, 73 F.3d at 1060.

Regarding the Amended Motion to Dismiss, Plaintiff's objection is largely a restatement of her claims and the allegations she believes support those claims. She only makes two arguments regarding Judge Varholak's analysis, neither of them specific enough to warrant *de novo* review. First, Plaintiff contends the "Recommendation evaluates Plaintiff's allegations in isolation rather than as an integrated course of conduct." Dkt. 79, p.5. And she argues that in doing so, Judge Varholak "effectively impose[d] a heightened pleading standard." *Id*. This, however, is the extent of the argument. Plaintiff does not elucidate any further regarding which claims or findings this argument applies to, or how Judge Varholak did so. And the Court may neither guess nor construct these arguments for Plaintiff. This argument, therefore, amounts to little more than a disagreement with the correctness of the Recommendation and does not constitute an appropriate objection. Therefore, Plaintiff has waived *de novo* review.

So too with Plaintiff's second argument where she contends, without more, that Judge Varholak "effectively transform[ed] Rule 12(b)(6) into a summary judgment

5

mechanism. . .." *Id.*, p.6. This argument is far too conclusory to preserve any issues for this Court's review. Further, having thoroughly reviewed the Recommendation, the Court finds Plaintiff's argument to be baseless. While the magistrate judge agreed with Defendants that Plaintiff failed to sufficiently support her claims, he did not— as Plaintiff contends—credit Defendants' version of the facts. Rather, his analysis of the issues was based solely on Plaintiff's allegations, or the lack thereof. To be sure, for each of Plaintiff's claims, Judge Varholak defined the prima facie elements and then looked at Plaintiff's Complaint to determine whether there are any or sufficient supporting factual allegations, which exemplifies his application of the Rule 12(b)(6) standard.

Because Plaintiff has not preserved *de novo* review, the Court reviews these matters only for clear error, *Thomas*, 474 U.S. at 148-53, and concludes Judge Varholak's Recommendation regarding Plaintiff's Motion to Amend and Defendants' Motion to Dismiss is detailed and thorough and contains no clear error on the face of the record. Judge Varholak construed Plaintiff's claims liberally and correctly applied the controlling law. Consequently, the Court OVERRULES Plaintiff's objections and AFFIRMS and ADOPTS Judge Varholak's Recommendation.

**B.    Defendants' Objections (Dkt. 80)**

In their objections, Defendants do not dispute Judge Varholak's finding that they failed to substantively address Plaintiff's FMLA or IIED claims. Instead, they

6

object on the basis that Judge Varholak should have *sua sponte* evaluated these claims and dismissed them. Dkt. 80, pp.3-4. The Court disagrees.

Judge Varholak was not required to construct an argument for Defendants, and therefore, he cannot be faulted for failing to engage in an analysis they never presented. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). In the same way a court may not construct legal arguments for a pro se litigant, it is even less so the court's role to construct legal arguments for a party represented by counsel. To the extent Defendants now ask this Court to independently evaluate Plaintiff's claims, it declines. "Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived." *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

The Court OVERRULES Defendants' objection.

\*    \*    \*

For the reasons shared above, the Court OVERRULES Plaintiff's and Defendants' objections. The Court, therefore, AFFIRMS and ADOPTS Chief Magistrate Judge Varholak's Recommendation.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 55) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims 1 through 5 are dismissed without prejudice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Dismissal

7

of a pro se complaint under Rule 12(b)(6) should ordinarily be without prejudice.").

2. This case shall proceed on Plaintiff's FMLA and IIED claims.

3. Plaintiff's Motion to Amend her Complaint (Dkt. 70) is DENIED.

DATED: July 13, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge

8